IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
APR 2 3 2001
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CORETTA KIRKLAND as Parent and Next Friend of DEMARIO JONES, a minor, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil A   CV-01-C-1008-W ) |
| GREENE COUNTY BOARD OF EDUCATION, ROBERT ELLIOT, and JAMES MORROW, in their Official and Individual Capacities, | ) ) ) ) ) |
| Defendants. | ) |

# COMPLAINT

### I. JURISDICTION AND VENUE

1. This action arises under the 1st and 4th Amendments of the United States Constitution, the substantive due process clause of the 14th Amendment of the United States Constitution and 42 U.S.C. § 1983. This case involves a federal question and thus jurisdiction also exists under 28 U.S.C. § 1331.

2. Venue in this action is proper in the Western Division of the Northern District under 28 U.S.C. Section 1391(b) because plaintiffs and defendants reside in the Western Division of the Northern District and because a substantial part of the events and/or omissions giving rise to plaintiffs' claims occurred in the Western Division of the Northern District.

### II. THE PARTIES

3. Plaintiff, Demario Jones, is a citizen of the United States under the age of 19, and

a resident of Aliceville, Pickens County, Alabama. At all times material hereto, Demario Jones, was a student at Eutaw High School, a school administered by the Greene County Board of Education.

4. Coretta Kirkland, is the mother and guardian of Demario Jones. Coretta Kirkland brings this action on behalf of her son, Demario Jones. She is a citizen of the United States who is over the age of 19 and who resides in Aliceville, Pickens County, Alabama.

5. Defendant, Greene County Board of Education, is a county education board located in Greene County, Alabama.

6. Defendant, James Morrow, is an adult resident of Greene County, Alabama. Defendant Morrow was employed as "principal" over the Eutaw High School by the Greene County Board of Education at all times material hereto.

7. The Defendant, Robert Elliot, is an adult resident of Alabama, employed in Pickens County. Defendant Elliot was employed by the Greene County Board of Education as "assistant principal" at all times material hereto.

### III. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On April 21, 1999, the plaintiff, Demario Jones, was a student enrolled at Eutaw High School.

9. On said date, the Defendant, James Morrow, was the principal of Eutaw High School and Defendant Robert Elliot was assistant principal at Eutaw High School.

10. On April 21, 1999, Demario Jones, Rozell Hill, Kevin Powell, and James Wilson were sent to Defendant Morrow's office for allegedly keeping up too much noise in the school hallway.

11. While sitting in the defendant's office, Defendant Robert Elliot began to search plaintiff's book bags.

12. Demario Jones stood up and questioned Defendant Elliot's search of his book bag.

13. In response to Demario Jones's question, Defendant Morrow picked up his cane, and used it to push Demario Jones around.

14. After spinning Demario Jones around with his cane, Defendant Morrow hit Demario Jones in the stomach with the cane.

15. Demario Jones leaned over after being hit in the stomach and Defendant Morrow hit Demario Jones in the back of the head with the cane several times.

16. Demario Jones ran out of the office and out of the school door.

17. Demario Jones returned to the school, intending to go to the office to get his book bag.

18. Defendant Elliot grabbed Demario Jones by the neck, pushed him into Defendant Morrow's car and took Demario Jones to his grandmother's home. Demario Jones' grandmother took Demario Jones to the hospital.

19. During all of the conduct committed by Defendants Morrow and Elliot complained of herein, said defendants were agents for Defendant Greene County Board of Education acting within the line and scope of their authority.

20. As a result of the defendant's assault on the plaintiff, the plaintiff suffered the following injuries:

a. A severe bruise and swelling to his head;

    b.      Chronic debilitating headaches and dizzy spells;

    c.      Plaintiff was also diagnosed with sub clinical seizures;

    d.      Plaintiff has been caused great pain, suffering and mental anguish.

## COUNT I

### (42 U.S.C. SECTION 1983, 1st and 14th AMENDMENT)

21.    That Defendant Morrow's use of corporal punishment as described here-in-above was so excessive as to shock the conscience and violated Demario Jones's Fourteenth Amendment substantive due process rights.

22.    That the Greene County School Board failed to train, instruct properly, and supervise Morrow, and that this failure established a custom within the school district which resulted in the violation of Plaintiff's rights.

23.    That Defendant Morrow was a policymaker for the Greene County Board of Education in matters relating to the use of corporal punishment at Eutaw High School and as such, said defendant's wrongful acts, as complained of here-in-above, which resulted in the violation of the plaintiff's rights, were committed pursuant to the policy of the Greene County Board of Education.

24.    Defendant Morrow's infliction of corporal punishment on the plaintiff in response to the plaintiff speaking in opposition to Defendant Elliot's unlawful search of plaintiff's book bag also violated plaintiff's right to free speech, guaranteed to the plaintiff under the First Amendment of the United States Constitution.

25.    As a result of defendants's wrongful conduct, including the defendant's infliction of corporal punishment and retaliation against the plaintiff for speaking against the defendant's

search of plaintiff' book bag, wherein the defendants were deliberately indifferent to plaintiff's clearly established constitutional rights, the plaintiff was caused to suffer the damages and injuries stated in Paragraph "20" above.[1]

## COUNT II

### (42 U.S.C. SECTION 1983, 4th AMENDMENT)

26.     The defendant, Robert Elliot, while acting under the "color of state law" and pursuant to custom, policy and practice of the Greene County Board of Education, seized the plaintiff's book bag and searched the plaintiff's book back, without probable cause.

26.     Moreover, said search and seizure was unjustified at its inception as there were no reasonable grounds for suspecting that the search would turn up evidence that the plaintiff had violated or was violating either the law or the rules of the school.

27.     That the Greene County School Board and Defendant Morrow failed to train, instruct properly, and supervise Defendant Elliot in matters relating to the search of students, and that this failure established a custom within the school district which resulted in the violation of Plaintiff's 4th Amendment right to be free from unreasonable searches and seizures.

28.     As a result of defendants' aforementioned violation of the plaintiff's civil rights, which constitutes a deliberate indifference on the part of the defendants to the clearly establish right of the plaintiff to be free from unreasonable searches and seizures, the plaintiff suffered and continues to suffer economic losses, mental anguish, pain and other non-pecuniary losses.

---

[1] The relief requested in this Complaint is common to all counts and will be stated hereinafter in the "General Prayer for Relief".

## COUNT III

## (STATE LAW CLAIMS)

29. The acts and conduct complained of defendants, and specifically, defendant's infliction of corporal punishment on the plaintiff, the defendant's unlawful search of the plaintiff's book bag, and defendant Elliot's, grabbing plaintiff by the neck constitute:

    A. assault and battery;

    B. Invasion of privacy;

    C. Intentional infliction of emotional distress; and

    D. Negligence, carelessness wanton and unskillful conduct;

under the Laws of the State of Alabama.

30. As a the proximate cause or direct result of the defendants' wrongful actions, plaintiff suffered and continues to suffer the injuries and damages set out in Paragraphs "20" and "28" above.

31. The defendant, Greene County Board of Education is liable for the conduct of their agents, Morrow and Elliot, under the doctrine of respondeat superior.

32. This Court has pendant jurisdiction over these state law claims.

**GENERAL PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, plaintiff prays for the following relief:

    A.    Compensatory damages;

    B.    Punitive damages;

    C.    Reasonable attorneys fees, court cost and expenses; and

    D.    Such other further relief as appears reasonable and just.

Respectfully submitted,

Charles C. Tatum, Jr. (TAT009)
Attorney for Plaintiff
Post Office Box 349
Jasper, Alabama 35501
(205) 387-0708

**PLAINTIFF DEMANDS A JURY TRIAL**
**THE PLAINTIFFS DEMAND A TRIAL BY STRUCK**

**DEFENDANTS MAY BE SERVED AT:**

Greene County Board of Education
220 Main Street
Eutaw, Alabama 35462

James E. Morrow
Eutaw High School
623 Mesopotamia
Eutaw, Alabama 35462

Robert Elliot
Eutaw High School
623 Mesopotamia
Eutaw, Alabama 35462