FILED

2005 Aug-19  PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **CORETTA KIRKLAND, as** | ) | |
| **Parent and Next Friend of** | ) | |
| **DEMARIO JONES, a minor,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Number |
| | ) | **7:01-cv-1008-UWC** |
| **vs.** | ) | |
| | ) | |
| **JAMES MORROW and** | ) | |
| **ROBERT ELLIOT,** | ) | |
| | ) | |
| Defendants. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS
## ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

After having prevailed in the Eleventh Circuit and in this Court on his 42 U.S.C. § 1983 excessive force claim against the principal Defendant James Morrow, Plaintiff now seeks a reasonable attorney's fee. (Docs. 81, 82) The Court makes the following Findings of Fact and Conclusions.

### FINDINGS OF FACT

1. Coretta Kirkland, as parent and next of friend of Demario Jones, the minor Plaintiff, filed this action claiming that Defendant James Morrow ("Morrow"),

Principal of Greene County High School, violated 42 U.S.C. § 1983 by intentionally striking him with a metal walking cane. The Complaint also alleged that Defendant Robert Elliott ("Elliott"), Assistant Principal of Greene County High, violated 42 U.S.C. § 1983 by seizing the minor Plaintiff and searching his book bag. (Id. at 5.) Additionally, Plaintiff asserted several state law causes of action against these two Defendants and the Greene County Board of Education ('the Board").[1]

2. Morrow's unlawful and wanton striking of the minor Plaintiff on his head, neck, and ribs with a metal cane was the central operative fact in this case.

3. Plaintiff's counsel successfully resisted Morrow's effort to have the case dismissed on the basis of qualified immunity. *See, Kirkland v. Greene County Board of Education,* 347 F.3d 903 (11th Cir. 2003).

4. The jury awarded the minor Plaintiff $3000 in compensatory and punitive damages.

5. Plaintiff's counsel, Charles C. Tatum, reasonably expended 446.30 hours in the prosecution of this case.[2]

6. A roughly equivalent amount of time ( 446.30) would have been expended

---

[1] The Section 1983 claim was also pressed against the Board.

[2] Travel time consumed 29.7 of these hours. The Court makes no distinction between travel time and the other time claimed.

if the only claim in the case was against Defendant Morrow. This is so because all of the claims were based on a common nucleus of operative facts. By way of example, even if Elliott had not been a defendant, as a witness to the crucial events it would have been necessary to take discovery of him. Nonetheless, the Court will discount by fifteen percent (15%) the hours claimed by Plaintiff's counsel.

7. Taking into account all of the *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) factors, the Court concludes that a reasonable hourly rate for Plaintiff's counsel is $250. Although a higher rate is warranted due to the precedent set by this case and the delay in payment, the Court will affirm the hourly rate requested by Plaintiff's counsel.[3]

8. The paralegal for Plaintiff's counsel, reasonably expended 86 hours in the prosecution of this case.[4]

9. A reasonable hourly rate for the paralegal of Plaintiff's counsel is $65.

10. Plaintiff's counsel necessarily and reasonably incurred out-of-pocket expenses of $6,850.50 in the prosecution of this case.

---

[3] The case has been cited by both the Eleventh Circuit (*Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1267 (2004)) and the Fourth Circuit (*Meeker v. Edmundson,* 2005 U.S. App. LEXIS 14098, at * 9 (4th Cir. July 13, 2005)). It is cited in several secondary sources (*e.g.,* Am. Jur Proof of Facts; Am Jur Trials; Federal Procedure, Lawyers Edition; and the Journal of Law & Education.)

[4] The Court disallows the 9 hours claimed for attending the oral argument in Eleventh Circuit on September 23, 2003.

11. Defendant made an Offer of Judgment in the amount of $32,500 on June 30, 2004.  Plaintiff's *guardian ad litem* and counsel were willing to accept $32,500 in settlement of the case, and had recommended the same to the Court.  In a June 21, 2004, *pro ami* proceeding the Court refused to give the requisite judicial approval of the proposed settlement.  As of June 30, 2004, Plaintiff's counsel was entitled to more than $60,000 in attorney's fees.[5]

## Conclusions

1. Plaintiff's counsel is entitled to $84,340 as a reasonable attorney's fee.

2. Plaintiff's counsel is entitled to $5,590 as reimbursement for paralegal fees.

3. Plaintiff's counsel is entitled to $6,850.50 as reimbursement for out-of-pocket expenses incurred in the prosecution of this case.


      By separate order, the appropriate attorney's fees and reimbursements will awarded.

Done this 19th day of August, 2005.


                        U.W. Clemon
                Chief United States District Judge

---

[5] The guardian ad litem's understanding that Plaintiff's counsel had only expended roughly a hundred hours was obviously incorrect. The time records, uncontested by the Defendant, reflect that over 300 hours had been expended as of April 8, 2004.